R. Michael **BLUBAUGH** and Mary J. Blubaugh, husband and wife, Appellants (Plaintiffs),

v.

Ken W. **TURNER** and Schlumberger Well Services, a Division of Schlumberger Technology Corporation, a Texas corporation, Appellees (Defendants).

No. 92–112.

Supreme Court of Wyoming.

Dec. 7, 1992.

Mark W. Harris of Harris, Morton and Cowan, P.C., Evanston, for appellants.

V. Anthony Vehar and Sharon M. Rose of Vehar, Beppler, Lavery, Rose & Boal, P.C., Evanston, for appellees.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ.

MACY, Chief Justice.

This is an appeal from an order granting a summary judgment in favor of the appellees, Ken W. Turner and Schlumberger Well Services, upon the court's conclusion that, as a matter of law, the circumstances surrounding the signing of a receipt and release agreement by the appellant, R. Michael Blubaugh, which released Schlumberger Well Services from liability resulting from Mr. Blubaugh's termination of employment, did not rise to a level of duress sufficient to void the release.

We affirm.

The appellants present the issue for review in this generic fashion:

I.

Did the district court err in granting summary judgment to appellees and dismissing appellants' causes of action against appellees?

A. Did the district court err in finding that appellants failed to establish as a matter of law the facts which constitute a factual issue of duress?

B. Did the district court err in finding that there was no genuine issue of mate-

rial fact relating to the appellant's claim of duress?

The material facts are not in dispute. On November 30, 1988, Mr. Blubaugh was summoned to Schlumberger Well Services' Denver, Colorado, office and told that either he could resign or he would be terminated from his district manager position at Schlumberger Well Services' Evanston, Wyoming, office. Mr. Blubaugh was presented with an agreement entitled "Receipt and Release," which provided, among other things, that he would resign on December 1, 1988, and release Schlumberger Well Services from any and all claims in consideration of the payment of $35,943, which included his normal separation pay plus $4,560.78. As additional consideration, Mr. Blubaugh was to, and did, receive outplacement counseling. The release agreement also provided that, in return for the consideration offered, which was accepted "in full compromise, settlement, [and] satisfaction of all claims," Mr. Blubaugh agreed to "Release and forever Discharge" Schlumberger Well Services, its employees, servants, agents, and representatives from any and all liability, claims, or causes of action, if any, arising out of or relating to his employment, resignation, or termination, including claims arising from alleged unlawful and/or discriminatory employment practices, breach of contract, and tortious actions which Schlumberger Well Services may have allegedly committed.

Prior to leaving the Denver office to return to his home in Evanston, Mr. Blubaugh met with an outplacement counselor provided by Schlumberger Well Services. On December 1, 1988, Mr. Blubaugh signed the receipt and release agreement and delivered it to the Evanston office along with his letter of resignation. Several months after Mr. Blubaugh signed the agreement, he contacted Schlumberger Well Services and requested, and received, additional compensation for his moving expenses.

On September 4, 1990, the appellants filed their complaint, alleging several causes of action and seeking damages for Mr. Blubaugh's termination. The appellees responded with motions to dismiss and for a summary judgment on the grounds that the appellants' assertions against Ken Turner, as a co-employee, failed to state a claim upon which relief could be granted and that the appellants' claims were barred by virtue of the release agreement, payment, and accord and satisfaction. The appellants sought to avoid the release by claiming that it was the product of duress and violative of Article 19, Section 7 of the Wyoming Constitution. Mr. Blubaugh stated in his affidavit in resistance to the appellees' motions that he was advised that, if he did not resign and sign the release, he would be fired and would loose the opportunity to receive outplacement counseling and the additional $4,560.78 separation pay. Mr. Blubaugh also stated that he was not given an opportunity to negotiate any of the terms of the release agreement and that at that time he was in a state of shock and distraught from being told that either he could resign or he would be fired.

On April 28, 1992, the court entered its order granting a summary judgment in favor of the appellees. The court concluded that Article 19, Section 7 of the Wyoming Constitution forbids employee/employer releases only for personal injuries occurring during the course of employment and that the appellants' complaint and supporting affidavits did not constitute duress and were insufficient as a matter of law to invalidate the release.

On appeal, the appellants do not question the court's decision concerning the claim against Mr. Turner or its determination that the release was not voidable on constitutional grounds. Accordingly, we will confine this opinion to the issue of whether the undisputed material facts in the record on appeal constitute such duress as to invalidate the release agreement between Mr. Blubaugh and Schlumberger Well Services as a matter of law.

The appellants assert that, under the circumstances of this case, their claim of duress must be measured by the concept of economic duress. Whether particular facts are sufficient to constitute economic duress is a question of law. Whether these

circumstances exist is a question of fact. *Gruver v. Midas International Corporation*, 925 F.2d 280 (9th Cir.1991). The Tenth Circuit Court of Appeals, when applying Wyoming law to a duress defense to avoid the enforcement of an agreement, said:

> The Wyoming test for duress is not inconsistent with the test for economic duress developed in those states which have expressly recognized economic duress as grounds for avoiding a settlement agreement.

*Applied Genetics International, Inc. v. First Affiliated Securities, Inc.*, 912 F.2d 1238, 1242 (10th Cir.1990). This Court, however, has not directly had the opportunity·to adopt what is commonly known as the "economic duress" doctrine. We take this opportunity now to do so and embrace the three-prong test employed by many courts to determine whether economic duress exists. Under this test, economic duress occurs when (1) a party involuntarily accepts the terms of another, (2) circumstances permit no other alternative, and (3) such circumstances are the result of coercive acts of the other party. *Zeilinger v. Sohio Alaska Petroleum Company*, 823 P.2d 653, 657 (Alaska 1992); *Totem Marine Tug & Barge, Inc. v. Alyeska Pipeline Service Company*, 584 P.2d 15, 21 (Alaska 1978). Economic duress does not exist, however, unless a person has been the victim of a wrongful act and has no reasonable alternative but to agree with the terms of another or be faced with a serious financial hardship. *Totem Marine Tug & Barge, Inc.*, 584 P.2d at 21. What constitutes a coercive act or reasonable alternative is a question of fact depending upon the circumstances of each case. *First National Bank of Cincinnati v. Pepper*, 454 F.2d 626, 632–33 (2d Cir.1972), *appeal after remand*, 547 F.2d 708 (2d Cir.1976); *Austin Instrument, Inc. v. Loral Corporation*, 29 N.Y.2d 124, 324 N.Y.S.2d 22, 24, 272 N.E.2d 533, 535 (N.Y.Ct.App.1971). Ordinarily, those people who are claiming coercion are attempting to avoid the consequences of a modification or breach of a contract or a settlement and release of a contract, as in this case. A person may not

have a reasonable alternative or remedy when the delay in pursuing the remedy would cause immediate or irreparable serious loss or financial ruin. *Applied Genetics International, Inc.*, 912 F.2d 1238; *Centric Corporation v. Morrison–Knudsen Company*, 731 P.2d 411 (Okla.1986).

■■■ A summary judgment is appropriate when no genuine issue of material fact exists to preclude disposition of a case as a matter of law. W.R.C.P. 56. A genuine issue of material fact exists when a disputed fact, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties. *Allmaras v. Mudge*, 820 P.2d 533, 535 (Wyo.1991). The party moving for summary judgment bears the initial burden of establishing a prima facie case for a summary judgment. If the movant carries this burden, the party opposing the summary judgment must come forward with specific facts to demonstrate that a genuine issue of material fact does exist. *Boehm v. Cody Country Chamber of Commerce*, 748 P.2d 704, 710 (Wyo. 1987).

When the appellees supported their motions to dismiss and for a summary judgment with competent evidence that Mr. Blubaugh signed a release discharging Schlumberger Well Services and its employees from any and all liability for terminating his employment, they carried the burden of establishing a prima facie case for a summary judgment. In an effort to avoid the effect of the release, Mr. Blubaugh stated in his affidavit in opposition to Schlumberger Well Services' motion for a summary judgment that (1) the only alternative he had to signing the release was to be fired and lose the $4,560.78 additional separation pay and the opportunity to have outplacement counseling, (2) he did not have the opportunity to negotiate the terms of his release, (3) he was in shock and distraught, (4) he was not told that he had a right to file a grievance, and (5) he was not told that he had a right to consult with an attorney.

After considering the parties' briefs and materials submitted in support of and in

opposition to the motions, and after hearing oral arguments on the motions on two separate occasions, the court found and concluded in part:

Defendants' actions in offering Plaintiff R. Michael Blubaugh the alternative of resigning and executing the Receipt and Release agreement did not rise to such a level that Plaintiff R. Michael Blubaugh was deprived of the exercise of his free will. To constitute legal duress Plaintiff R. Michael Blubaugh must have acted against his will, and have had no other viable alternative. But that was not the case. Plaintiff R. Michael Blubaugh could have allowed Defendant Schlumberger to fire him and then sought relief from the courts or Plaintiff R. Michael Blubaugh could have resigned, obtained the severance pay to which he was entitled in any event without signing any release and then sought relief from the courts.

It cannot be maintained, and Plaintiffs have not presented any evidence whatsoever, that walking away with $31,382.22 as opposed to $35,943.00 placed such an economic hardship on Plaintiffs as to obliterate Plaintiff. R. Michael Blubaugh's ability to exercise his free will. Nor is the fact that Plaintiff R. Michael Blubaugh was upset, or in what he terms as shock, a sufficient basis to invalidate the receipt and release.

Plaintiffs' allegations of duress as contained in their affidavits simply do not constitute duress and are insufficient as a matter of law to invalidate the release.

. . . .

With regard to Plaintiffs' claim against the co-employee defendant, ... such co-employee defendant was protected by the language of the Receipt and Release agreement and pursuant to the provisions of that agreement, Plaintiff R. Michael Blubaugh released all claims against the co-employee defendant.

Even assuming arguendo that Mr. Blubaugh was wrongfully discharged from his employment and that he was coerced into signing the receipt and release agreement, circumstances must be present which would permit no other alternative to satisfy the third element of economic duress. In *Totem Marine Tug & Barge, Inc.,* the Alaska Supreme Court held:

Economic duress does not exist, however, merely because a person has been the victim of a wrongful act; in addition, the victim must have no choice but to agree to the other party's terms or face serious financial hardship. Thus, in order to avoid a contract, a party must also show that he had no reasonable alternative to agreeing to the other party's terms, or, as it is often stated, that he had no adequate remedy if the threat were to be carried out.

584 P.2d at 22.

■■■■ We agree with the learned and perceptive judge who entered the order granting the summary judgment on the basis that the appellants failed to present specific facts which rise to the level of economic duress sufficient to invalidate the receipt and release agreement. The appellants wholly failed to present anything which would in any way indicate that, if they did not sign the agreement, they would face such immediate financial ruin that they could not seek a remedy to provide redress to them for the alleged wrongful termination. The mere fact that an agreement is entered into when a person is in shock and distraught is not sufficient to constitute economic duress. Emotional distress is not the equivalent of duress. *Horgan v. Industrial Design Corporation,* 657 P.2d 751 (Utah 1982).

■■■■ Mr. Blubaugh also complains that he was not told that he had a right to consult with an attorney or negotiate the terms of the receipt and release agreement. Negotiations through counsel are not the sine qua non of a valid contract, *Oglesby v. Coca–Cola Bottling Company of Chicago/Wisconsin,* 620 F.Supp. 1336, 1343 (N.D.Ill.1985), nor does the failure to be able to negotiate the terms of a release amount to duress. *Horgan,* 657 P.2d 751. Mr. Blubaugh was not compelled by duress to sign the release against his will.

The facts of this case are not unlike those in *Horgan,* wherein the Utah Su-

preme Court stated in its concluding remarks, which are applicable in this case:

To constitute legal duress defendant must have acted against his will, and have had no other viable alternative. But that was not the case, as plaintiff could have sought relief from the courts or perhaps have obtained his termination compensation without signing a release. What we apparently have here is someone who was initially satisfied with his settlement, but who, upon subsequent reflection, concludes that he could have gotten more out of the deal and therefore attempts to renege on it. However, it is well settled that the mere fact of an improvident or bad bargain or a feeling of latent discontent is not a sufficient basis to avoid the effect of an otherwise valid release.

657 P.2d at 754.

We hold that the undisputed material facts in the record on appeal do not constitute such duress as to invalidate the receipt and release agreement between Mr. Blubaugh and Schlumberger Well Services and that the appellees are, therefore, entitled to a summary judgment as a matter of law.

Affirmed.